IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL CURTIS BIGMAN,<br><br>Defendant. | CR 05-15-BLG-SPW-2<br>CR 05-24-BLG-SPW<br><br><br>ORDER |

On January 6, 2023, Defendant Daniel Bigman filed a motion to reduce his federal sentences under 18 U.S.C. § 3582(c)(1)(A) in two cases: kidnapping and aggravated sexual abuse in CR 05-15-BLG-SPW-02, and assault with intent to murder in CR 05-24-BLG-SPW. He received a life sentence for the former offense with ten years concurrent for the latter.[1] He has no projected release date. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 24, 2023). On Jan. 9, 2023, counsel was appointed. (Doc. 109.) Appointed counsel filed an amended motion on April 3, 2023. (Doc. 113.) The government opposes. (Doc. 114.) For the reasons stated below, Bigman's motion is denied.

---

[1] Because Bigman has served over ten years, his custodial sentence for CR 05-24-BLG-SPW has likely been completed. As a result, this Order focuses on CR 05-15-BLG-SPW-2, and citations refer to the docket in that case.

1

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Bigman argues that his thyroid condition coupled with his susceptibility to a COVID-19 infection, along with his lengthy sentence, and his young age at sentencing, qualify as extraordinary and compelling circumstances warranting a sentence reduction. Ultimately, because he has not made such a showing and the § 3553(a) factors do not weigh in favor of early release, Bigman's motion is denied.

2

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Bigman filed a request for relief with the warden at his facility on November 17, 2022, and it was effectively denied on December 19, 2022, due to a lapse of thirty days. (*See* Doc. 108-1.) The defendant has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

Bigman argues that his thyroid condition and his young age at the time he received his life sentence both qualify as extraordinary and compelling reasons justifying early release. While the latter argument bears on the Court's consideration of the § 3553(a) factors, neither meets the threshold for extraordinary and compelling.

### A. Medical Condition

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of such reasons, including a "serious physical

3

or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG §1B1.13(1)(A)(ii), app. n. 1(A)(ii).

Bigman is 37 years old. (PSR at 2.) He suffers from a thyroid condition. (Doc. 108 at 4.) As Bigman has made no showing that the Bureau of Prisons is unable to provide necessary care for his condition or that it has worsened, this alone is not sufficient to warrant release. Nor does the purported interplay between his condition and COVID-19. Thyroid conditions are not included in the list of CDC diseases that heighten the risk for severe illness if that individual contracts COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 10, 2023, and accessed May 24, 2023). But this list is not exhaustive, as new information is gathered every day. *Id.* And interactions between the thyroid gland and COVID-19, including thyroid pathology, function, drug interaction, cytotoxic effect and thyroid diseases have been documented. *See, Thyroid Function During and After COVID-19 Infection: A review*, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9354510/#s2title (Published Jun. 13, 2022, accessed May 24, 2023). Nevertheless, Butner Medium II FCI—the facility where Bigman is housed—has no active inmate COVID-19 cases. *See* BOP COVID-19,

4

https://www.bop.gov/coronavirus/covid19_statistics.html (accessed May 24, 2023). And Bigman provides no specific evidence of his particular risk.

Accordingly, Bigman's thyroid condition, even considered in conjunction with COVID-19, does not rise to the level of extraordinary or compelling. Thus, Bigman's health does not warrant compassionate release.

### B.     Age and Length of Sentence

Bigman further argues that his young age at the time of sentencing, coupled with the length of the sentence he received and his behavior during his incarceration, constitute extraordinary and compelling circumstances. Such circumstances are generally limited, however, to where an offender's actions resulted from or were motivated by immaturity. *See United States v. Sepulveda*, 34 F.4th 71, 76 (1st Cir. 2022) (noting that although offender was 20 years old at the time of his offense, he was the leader not a follower). Here, Bigman instigated the kidnapping by stealing the knives used to carry out the criminal acts. (Doc. 74 at 28.) His primary role in taking these actions show that his criminal conduct was not just a result of immaturity. However, an offender's age can be considered among other factors that favor release. *See United States v. Rogers*, 2023 WL 121224, at *3-4 (D. Mont. Jan. 6, 2023) (explaining the defendant's age at the time of the offense, in combination with evidence of commitment to his education and personal growth while incarcerated, relationship with victim's family, strong

5

family support, and sentencing disparity weighed in favor of granting compassionate release). At the time of the sentencing, Bigman was 20 years old. (PSR at 2.) Bigman has spent eighteen years in prison. (Doc. 113 at 3.) He has not received a disciplinary sanction or record report in the last twelve years. (*Id.*) However, Bigman does not cite any additional steps towards rehabilitation. Accordingly, he does not present a sufficient basis for finding extraordinary and compelling reasons for a sentencing reduction despite his age and the length of his sentence. Even though this means that Bigman does not make the threshold showing for compassionate release, and his motion could be denied on that ground alone, his age and alleged sentencing disparities are considered below in the context of the § 3553(a) factors.

### III.  Danger to the Community under 18 U.S.C. § 3142(g)

Pursuant to USSG §1B1.13(2), compassionate release is only appropriate if "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)." Nevertheless, because the Sentencing Commission has not yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant, many courts do not view this public safety requirement as an independent basis upon which to deny a defendant-filed motion. *See Aruda*, 993 F.3d at 802; *see also United States v. Taylor*, 2021 WL 321846, at *1 (6th Cir. Jan. 22, 2021); *United States v. Broadfield*, 5 F.4th 801,

802 (7th Cir. 2021). Accordingly, this consideration is merely part and parcel of the § 3553(a) factor analysis, which is discussed below.

## IV. Section 3553(a) Factors

Demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Even at his young age, Bigman amassed a long criminal history before the instant offense. (PSR at ¶¶ 101–120.) Nevertheless, age, disciplinary history, and rehabilitative efforts may be mitigating factors in the face of such a history. *See United States v. Jones*, 482 F. Supp. 3d 969, 985 (N.D. Cal. 2020) (finding that despite the seriousness of defendant's offense, he was only 21 years old at the time

7

of its commission, had spent 26 years in prison and had a "positive trajectory" with no infractions in nine years). Bigman was nineteen when he committed the instant offense. (*See* PSR at 2.) While in prison, Bigman has not had a disciplinary infraction in over a decade. (Doc. 31 at 3.) However, Bigman does not identify any further rehabilitative programming that he has attended, such as any mental health treatment, educational programming, or job training. A clean record in prison is simply not enough to warrant a reduction in light of the facts here.

In 2005, Bigman and his codefendant asked two women for a ride. (PSR ¶ 13.) Prior to getting in the car, Bigman armed himself with a knife from the victims' house. (*Id.*) After the victims agreed to drive Bigman and his codefendant to Bigman's mother's house, (*see* PSR ¶ 15), Bigman produced the knife and threatened the victims, (PSR ¶ 16). The two men then took turns driving the victims' vehicle with the victims in the trunk, (PSR ¶ 19), and while alternately raping the victims, (PSR ¶¶ 20–27). Ultimately, Bigman drove off without his codefendant—who wanted to kill the victims, (PSR ¶¶ 28–29), and Bigman was pulled over by law enforcement, (PSR ¶ 30). This record shows that Bigman was the first to commit a sexually abusive act, (Doc. 90 at 27; PSR ¶ 20), and the person who grabbed a knife from the victims' house, (PSR ¶ 13). While Bigman asserts that he protected the victims from further harm from his codefendant, he had multiple opportunities to stop the commission of these crimes and did not do

so. (Doc. 90 at 26-27.) In the absence of rehabilitative efforts, these facts demonstrate that Bigman poses a threat to the public.

Bigman's attempt to compare his sentence to those he views as "disparate" is also unpersuasive. For example, he includes "robbery," "firearms," and "drug trafficking" in the types of offense that he believes are "similar more serious crimes." (*See* Doc. 108 at 5–6.) As discussed above, Bigman and his codefendants kidnapped two women before repeatedly raping them. Under these facts, and the applicable Sentencing Guidelines, there is no reason to believe he would receive a lower sentence if sentenced today or that this offense compares to those generically listed by Bigman.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), (CR 05-15-BLG-SPW-2, Docs. 108, 113 and CR 05-24-BLG-SPW, Docs. 27, 31), is DENIED.

DATED this 30th day of May, 2023.

Susan P. Watters, District Judge
United States District Court